FRED. ALTHEN *vs.* EVE TARBOX and PETER OLSON.

Argued Oct. 22, 1891.   Decided Jan. 6, 1892.

**Conveyance by Married Woman.**—An act of the legislature relating to married women (Laws 1887, ch. 207) does not authorize or empower such persons to enter into valid contracts with respect to, or to convey, their real property, independently of their husbands.

**Her Invalid Contract is Evidence of Assent to the Improvement.**— Where a married woman has entered into an executory contract for the sale of real property contingent upon or providing for the erection of a building thereon, which contract is invalid and nonenforceable as a contract to convey, because her husband did not join in its execution, a mechanic's lien cannot be established and enforced, as against her title and interest in the premises, through the provisions of Laws 1889, ch. 200, § 4. But the invalid contract is admissible in evidence in an action brought to foreclose such a lien, as tending to show that the work was done, or

the materials furnished, with the knowledge and assent and at the instance of the vendor owner; and, if this is satisfactorily proven, the lien is established, and is enforceable as against her title and interest under the provisions of section one (1) of said chapter two hundred, (200,) upon the ground that the labor was performed or materials furnished with her knowledge and assent and at her instance.

**Variance between the Lien Statement and the Proof.**—A variance of four days between the lien statement and the proof, as to the day on which the claimant completed his work, the statement being filed within the prescribed period of time in any event, is immaterial.

**Former Suit Pending Pleaded in Abatement.**—Where a defendant attempts to plead in abatement the pendency of a former action, which has been dismissed by the court below, but which he claims is pending on appeal to this court, it is essential to allege at least that such appeal was taken and the *supersedeas* bond filed prior to the commencement of the present suit.

Appeal by defendant Eve Tarbox from an order of the district court of Ramsey county, *Brill*, J., made June 22, 1891, refusing a new trial.

This action was begun in January, 1891, after the dismissal of a prior action reported *ante*, p. 1. Eve Tarbox, a married woman, owned an undivided third of a lot in Florence addition to St. Paul. In April, 1890, she entered into a contract with Peter Olson to convey it to him, and he agreed with her to build a house on it. Her husband did not join in the contract. Olson hired the plaintiff to dig the cellar and build the cellar wall. Plaintiff began work May 18 and finished May 26, 1890. The reasonable value of his work was $235, and Olson agreed to pay him that sum for it. Nothing further was done on the lot, and Olson afterwards abandoned his contract of purchase. Eve Tarbox knew the work was being done, and did not object. Plaintiff made and filed, July 26, 1890, a statement for a lien on the lot.

The prior suit was brought in October, 1890, in the same court against Mrs. Tarbox and others upon the same cause of action, and it came on for trial in January, 1890, when plaintiff, with leave of the court, dismissed it, but no formal judgment of dismissal was entered. The defendants moved for a new trial of that action, but

the motion was denied, and they appealed from the order, and gave a *supersedeas* bond, pursuant to 1878 G. S. ch. 86, § 10. That appeal was pending when this suit was tried below.

The issues in this action were tried on March 9, 1891, and the court directed judgment to be entered for plaintiff and against Olson for $235 and interest and costs, and made it a lien upon the interest of Eve Tarbox in the lot. She moved for a new trial, and, it being denied, she brought this appeal. J. B. Tarbox, her husband, had been made defendant with her, but on the trial the plaintiff, by leave of the court, dismissed the action as to him, to make his wife, without his consent, a competent witness.

*Warner, Richardson & Lawrence,* for appellant.

To maintain a lien, under Laws 1889, ch. 200, § 4, the owner of the land should make a valid contract to convey it contingent upon and providing for the erection of a building upon the property sold. As this contract was not executed by the husband, it was a nullity, and the lien cannot be supported by this section. The allegations of the complaint are not sufficient to sustain a lien under the fifth section of this act. It simply alleges that she knew of and consented to the plaintiff's work, which might be true if the land had been leased to Olson. A lien can only be sustained as against the owner of the property by virtue of his contract, express or implied. The act does not provide that passive consent of the owner shall be sufficient to charge his land with a lien. Lien laws are derogatory of the common law, and nothing is to be implied.

Section five (5) of this act is unconstitutional, under the principle of the decision in *Meyer* v. *Berlandi,* 39 Minn. 438. Cases may occur where the owner will be absent and unable to give notice within five days after hearing that a building is being constructed on his land. Nor can the legislature impose upon an owner the expense of preparing and giving notice in order to preserve his property from lien. The legislature has gone beyond its power in prescribing that a failure to perform the acts set out in section five (5) should be conclusive evidence of a contract on the part of the owner for the erection of a building. *Baker* v. *Kelley,* 11 Minn. 480, (Gil. 358;) *Howard* v. *Moot,* 64 N. Y. 262, 268.

The lien cannot be sustained, for the reason that the statement does not correctly state the date of furnishing the last item. It states the last item was furnished on June 1, 1890. The court finds it was furnished on May 26th.

The former action was still pending on appeal in this court when this action was commenced, and a *supersedeas* had been obtained pursuant to 1878 G. S. ch. 86, § 10. *Thornton* v. *Webb*, 13 Minn. 498, (Gil. 457;) *Capehart* v. *Van Campen*, 10 Minn. 158, (Gil. 127.)

*Louis M. Hastings*, for respondent.

COLLINS, J. Action to enforce a mechanic's lien. The defendant Eve Tarbox, as owner of the real property in question, entered into an executory contract of sale thereof with defendant Olson, contingent upon and providing for the erection of a dwelling house upon the premises by the latter. She was then a married woman, and her husband, defendant J. B. Tarbox, did not join with her in the written contract. Plaintiff, under an agreement with Olson, built a foundation for the dwelling on the land. The latter then abandoned his contract with Mrs. Tarbox, and plaintiff, seeking to enforce a lien upon the land, relies upon the provisions of Laws 1889, ch. 200, § 4, or, should the provisions of section four (4) be held inadequate or inapplicable, he contends that his right to a lien is assured by one of the findings of the court, as well as by the terms of section five (5.)

1. The extremely plain and unambiguous language found in section two (2) of the so-called "Married Woman's Act" (1878 G. S. ch. 69) has been discussed by this court on more than one occasion. The statute is explicit, and no conveyance or contract for the sale of real estate, or of any interest therein, (with certain exceptions, of no moment here,) made by a married woman is valid, unless her husband joins—that is, unites—in the execution of the conveyance or contract. The cases on this point are referred to in *Nell* v. *Dayton*, 43 Minn. 242, (45 N. W. Rep. 229.) The executory contract mentioned in section four (4) must be—to give effect to other provisions of the section—a valid and enforceable one. As that executed by Mrs. Tarbox was not, the conclusion is inevitable that plaintiff cannot recover as against her, under section four (4.)

2. It has been urged by counsel for plaintiff that by virtue of a more recent statute—"An act to declare and protect the legal personal identity of married women," now chapter two hundred and seven, (207,) Laws 1887—a *feme covert* has been empowered to enter into a valid contract with respect to, or to convey, her real estate independently of her husband. This act is exceedingly general in its terms, and what was sought to be accomplished by, or what real or fancied injustice was to be met and vanquished by, its passage seems difficult to conjecture. But we have no reason to suppose that there was any intention whatsoever on the part of the lawmakers to change, and, by indirection, sweep away, the express and well-understood terms of the statute respecting conveyances and contracts for the sale of real property by married women. So vague and uncertain an enactment cannot be given the radical construction demanded by plaintiff's counsel.

3. The trial court found, among other facts, that the written instrument, made a part of the findings, was the result of negotiations conducted by Mr. Tarbox with defendant Olson, and that both husband and wife—defendants Tarbox—knew that plaintiff was performing the work in question during its progress, and that neither made objection. While the writing was invalid as a contract to convey real property, it was properly received in evidence, as tending to establish the plaintiff's contention that his work was done not only with the knowledge and assent of Mrs. Tarbox, but at her special instance. Proof that she knew of and assented to the performance of the labor, and that she requested or solicited that it be done, was competent, and could be made, undoubtedly, through the medium of a written contract, which, as to her, was invalid and nonenforceable as a contract to convey. That a married woman may authorize or contract for the erection of a building upon her separate estate, and thereby render it subject to the lien of a mechanic or material man, notwithstanding her coverture, has been the law of this state for many years. *Tuttle* v. *Howe*, 14 Minn. 145, (Gil. 113.) And that the plaintiff's work was performed under a contract with a vendee who held nothing but an invalid agreement with his vendor, the same having been performed with the assent and knowledge and at the instance of the

vendor, cannot be allowed to affect the mechanic's right to a lien. See *Little* v. *Willford*, 31 Minn. 173, (17 N. W. Rep. 282.) The case, then, is one wherein a married woman has entered into an invalid and nonenforceable contract, as to herself, for the sale of real property, but in which she has required of the vendee the erection of a building upon the property. Because of the requirement, the vendee has made a contract with this plaintiff which the vendor herself could have entered into or authorized, and thereby have subjected her estate to the lien demanded herein. With her knowledge and assent, and that of her husband, the plaintiff built a stone wall upon the bargained premises, on which all interested parties supposed and intended a superstructure should be placed, as had been agreed upon by express terms in the invalid contract. He is now attempting to enforce a lien claim upon the property as against the interest of one who, although pretending, and probably intending, to enter into a valid executory contract of sale of the character specially provided for and regulated by section four, (4,)—under which the plaintiff would have had a right of lien upon the forfeiture or surrender of the contract had it been valid,—has failed or omitted so to do. His right to assert the lien is therefore dependent upon some other provision of the law, if it exists. On reading chapter two hundred (200) it will be noticed that there has been a slight change in the phraseology of the sections which, generally speaking, confer the right of lien. Instead of making the right to depend upon a contract or *agreement* with the owner, as has been the case heretofore under the statutes, the right has been given and conferred, by the terms of the new law, whenever labor has been performed or materials have been furnished by virtue of a contract with or at the *instance* of the owner. Save as to this change and the introduction of section four, (4,)—a new feature of the lien law, and which has been construed in *Nolander* v. *Burns, ante*, p. 13, (50 N. W. Rep. 1016,) (just decided,)—and of section five, (5,)—another new feature in this state, in which it is provided, in effect, among other things, that every building erected upon land with the knowledge of the owner thereof shall be held to have been erected at the instance of such owner, (the section not applying, however, to such vendors as are mentioned in section four, [4,]) so as to

subject his interest in the land to a lien unless he give notice to the contrary,—the law of 1889 is substantially that which preceded it, (1878 G. S. ch. 90,) and under which the case of *Hill* v. *Gill*, 40 Minn. 441, (42 N. W. Rep. 294,) was decided. As before stated, section four (4) has no application here, and we fail to see why we need to construe or apply any of the provisions of section five, (5.) It is not a case where work and labor have been performed or materials furnished with the mere knowledge of the owner of the land, in which case, and by reason of this knowledge alone, the statute declares that such work and such materials shall be held to have been done and furnished at his instance,—that is, on his application, or at his solicitation; but it is a case wherein it clearly appears that the lien claimant has acted with the assent of the landowner, she having full knowledge of his acts as they were performed. His work was done and his materials furnished in order that one with whom she had agreed and attempted to contract might comply with a condition of the supposed contract, imposed by her. Her authority for making the improvement, and consent that the work be done and the materials be furnished, that her property might be benefited, is so obvious that, independently of section five, (5,) the plaintiff's lien claim must be held enforceable, under section one, (1,) as against her interest in the premises.

It is contended that plaintiff's lien statement was insufficient, in that it did not correctly state the date upon which the work was completed, which was, in fact, on May 26th. This date was fixed as on June 1st in the statement, which was filed within 60 days from the day on which the last item of work was performed. No such hypercritical objection as this can be allowed to stand in the way of the establishment of a claim under a remedial statute, in which an effort seems to have been made to render captious objections and strict technicalities unavailing as instruments for defeating its purposes. The variance as to dates between the lien statement and the proof was clearly immaterial.

Finally, the appellants urge that their so-called "second defense" should have been sustained, and the action dismissed, because of the pendency of another action, previously commenced, to foreclose the

same lien. Conceding, without deciding, that a second action could not have been brought pending an appeal in which a *supersedeas* bond had been filed, it may be said that it nowhere appears in the record that prior to the bringing of this action an appeal had been perfected, or a bond filed in the other. The allegations at best are that, prior to the entry of any judgment of dismissal, these appellants filed a bond and perfected their appeal. The answer is scant in its averments, and lacks precision as to when these steps were taken. The former action could have been effectually dismissed and ended, so far as plaintiff's right was concerned to commence anew, without an entry of judgment. *Page* v. *Mitchell*, 37 Minn. 368, (34 N. W. Rep. 896;) *Nichols* v. *State Bank*, 45 Minn. 102, (47 N. W. Rep. 462.) If this was the real situation when he began the present action, the facts could not have been interposed as a plea in abatement, because, to render a plea of this kind good, it is essential to aver at least that the appeal was taken and the *supersedeas* filed prior to the commencement of the present suit. *Jenkins* v. *Pepoon*, 2 John. Cas. 312; *Hailman* v. *Buckmaster*, 3 Gilman, 498. It is obvious that the taking of an appeal and the filing of a *supersedeas* bond by these defendants subsequently to the commencement of this action could not be allowed to relate back so as to absolutely deprive the plaintiff of a right which was his, and had been properly exercised, or so as to annul and defeat proceedings taken at a proper time. See *Woolfolk* v. *Bruns*, 45 Minn. 96, (47 N. W. Rep. 460.)

Order affirmed.

The Chief Justice, absent, sick, took no part.

(Opinion published 50 N. W. Rep. 1018.)