# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

JOSEPH CONGDON *vs.* LEVI L. COOK.

Argued June 19, 1893. Affirmed Sept. 8, 1893.

No. 8134.

**Lien Law of 1889, Ch. 200, § 5, Includes Lessors.**
The language "the owner or person having or claiming any interest," found in section 5 of the lien law of 1889, must be held to include lessors of land improved by the lessee; and unless the notice required by the same section is given, or the omission is reasonably accounted for or explained, the estate of the lessor may be bound by liens given by that act, subject to the limitation in respect to "repairs" in the proviso of the same section.

**Entry to Post Notice against Lien.**
The right of entry to post the notice being given by law, a peaceable entry for such purpose is not a trespass.

**The Lien Law in This Regard is Valid.**
The statutory provision in question is a valid exercise of legislative power, and the legal basis of the lien in such cases, as against the owner, is his consent to an improvement presumably beneficial to the property.

Appeal by defendant, Levi L. Cook, from an order of the District Court of Hennepin County, *Charles M. Pond*, J., made January 27, 1893, denying his motion for a new trial.

⋅ On October 13, 1887, defendant Cook leased to Byron Towne the premises on the southwest corner of Hennepin Avenue and Fourth Street in Minneapolis, one hundred and twenty three (123) feet front on the Avenue by one hundred and eighteen (118) feet deep.

The lease was for the term of five years with the privilege of renewal for another term of ten years. Towne agreed to pay all taxes and assessments on the property and $10,000 a year rent quarterly in advance. Towne assigned the lease to Asa K. Waters and he on July 28, 1891 employed the plaintiff, Joseph Congdon to build a two story frame and brick building twenty three and a half feet front on the westerly part of the premises and agreed to pay him therefor $1,932. Congdon completed the building September 3, 1891, and filed a lien on the premises for the price, and commenced this action to foreclose it. He made the owner Cook one of the defendants and alleged that Cook saw the building in process of erection but did not give notice that his interest in the property should not be subject to a lien for the same. Cook answered, stating that he owned the property and leased it to Towne, that he saw plaintiff constructing the building in place of an old one which had been partly destroyed by fire, and that he gave no notice. He denied that his estate in fee was subject to the lien. The trial court held it was, and ordered the property sold to pay plaintiff's demand. Defendant Cook moved for a new trial on the ground that the decision was contrary to law. The motion was denied and he appeals.

*Keith, Evans, Thompson & Fairchild,* for appellant.

Laws 1889, ch. 200, § 5, is a statutory rule of evidence in the nature of an equitable estoppel, raising a *prima facie* presumption of consent on the landowner's part, if, knowing any building is being erected on his land he keeps silent when fairness and common honesty require him to speak, except in cases when the circumstances are such that dissent is impossible. *Haupt Lumber Co.* v. *Westman,* 49 Minn. 397; *Martin Lumber Co.* v. *Howard,* 49 Minn. 404; *Wheaton* v. *Berg,* 50 Minn. 525.

When the circumstances are not such as to raise an equitable estoppel, and when those who may be engaged in contributing labor and material to the improvement of the land do not have reason to suppose the work is being carried on at the instance or with the consent of the landowner, his failure to give notice that his interest in the land will not be subject to lien, will not subject his interest to the contractor's lien. The purpose of the statute being to fur-

nish a rule of evidence in the nature of an equitable estoppel, there must appear such a state of facts as will support the estoppel, independent of the failure to comply with the requirements as to giving notice.

The settled case shows that plaintiff expressly testified that his contract for construction was with Waters; that he knew Waters had a lease of this property, and was erecting this building under his lease. And in the lien statement, he stated that at the time he furnished the material and performed the labor upon this building, Waters was the owner of a leasehold interest in said real estate, and was the absolute owner of said building. Here is no case of a mistake or the supposition that the work was procured to be done by the defendant, Cook. *West Coast Lumber Co.* v. *Apfield*, 86 Cal. 335.

As Laws 1889, ch. 200, § 5, raises only a *prima facie* presumption of consent, such presumption can, of course, be rebutted, and we claim was rebutted in this case. There was, in fact, in this case no consent to this improvement and any *prima facie* presumption of such consent was fully rebutted by the positive statement of defendant in connection with the situation of the property and the long time lease under which he had parted with the possession and control. *Meyer* v. *Berlandi*, 39 Minn. 438; *O'Neil* v. *St. Olaf's School*, 26 Minn. 329.

The court has recognized in *Wheaton* v. *Berg*, 50 Minn. 525, the arbitrary nature of the provisions of Laws 1889, ch. 200, § 5, respecting notice, and we urge that such provisions should be entirely rejected as unconstitutional, because of their arbitrary, unreasonable and impracticable character.

But if the provisions of this section regarding notice are to stand, we claim that the appellant comes within the proviso at the end of the section: "But no lien shall be allowed as against a lessor for repairs made by or at the instance of the lessee."

A building erected at the lessee's instance, for his own benefit, which does not form any part of the realty, and which he may remove from the land, ought not to be charged upon the lessor's interest in the land, and yet a narrow interpretation of the word "repairs" might result in making the interest of the lessor liable therefor.

Any other construction than the one for which we contend would require remainder men, reversioners, and persons owning inchoate interests in land to comply with the terms of this section. We cannot believe that the Legislature so intended or that this court will so hold.

The lease in question was made and the control of the property surrendered two years before the passage of the present lien law. The new law puts it into the power of the lessee to charge the lessor's interest in the land with any improvements which the lessee may make thereon, unless the lessor shall actively interfere, as he was not required by law to do when the lease was made. This operates to impair the obligations of the contract of lease, and the law is therefore void so far as it applies to this lease. *Hillebert* v. *Porter*, 28 Minn. 496; *O'Brien* v. *Krenz*, 36 Minn. 136; *Green* v. *Biddle*, 8 Wheat. 1.

*W. E. Hale* and *Charles B. Peck*, for respondent.

A lessee of real property under a lease for five years with privilege of renewal, erects a building with the knowledge of the owner of the fee, the latter does not serve or post the notice required by Laws 1889, ch. 200, § 5, and the contractor seeks to enforce his lien upon the interest of both lessee and lessor. It is within the power of the Legislature to enact such a statute. Whether it be called a rule of property or a rule of evidence is immaterial. *Meyer* v. *Berlandi*, 39 Minn. 442; *Miller* v. *Stoddard*, 50 Minn. 272; *McCausland* v. *West Duluth Land Co.*, 51 Minn. 246; *Menzel* v. *Tubbs*, 51 Minn. 364; *Wheaton* v. *Berg*, 50 Minn. 525; *Burkitt* v. *Harper*, 79 N. Y. 273; *Hicks* v. *Murray*, 43 Cal. 515; *West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275; *West Coast Lumber Co.* v. *Apfield*, 86 Cal. 335; *Harlan* v. *Stufflebeem*, 87 Cal. 508; *Otis* v. *Dodd*, 90 N. Y. 336; *Barclay* v. *Wainright*, 86 Pa. St. 191; *Ness* v. *Wood*, 42 Minn. 427; *Boteler* v. *Espen*, 99 Pa. St. 313; *Johnson* v. *Dewey*, 36 Cal. 623; *Cornell* v. *Barney*, 94 N. Y. 394; *Conant* v. *Brackett*, 112 Mass. 18.

The Legislature, by making any person owner of or interested in real property responsible for the cost of buildings erected, constructed, altered, removed to or repaired upon his land, unless he posts or serves this notice, has brought within its provisions a les-

sor such as is defendant herein, and by the addition of a proviso that no lien shall be allowed as against a lessor for repairs, made by or at the instance of a lessee, has even more strongly defined his liability; and by this exception and that of the vendor mentioned in section four, they have, by limiting the exceptions to the rule to two specific instances, unmistakably brought within the scope of the general words first used, every person except the two mentioned in the saving clause. *United States* v. *Dickson*, 15 Pet. 141; *Farrell Foundry* v. *Dart*, 26 Conn. 376; *Gibbons* v. *Ogden*, 9 Wheat. 1; *Brown* v. *Maryland*, 12 Wheat. 419; *United States* v. *Gilmore*, 8 Wall. 330.

There is only one avenue of escape, only one excuse which appellant Cook can give for his failure to post or serve the notice required by section five, not that it was impossible from any physical or mental cause, but simply that he did not know the law.

VANDERBURGH, J. Section 5 of the general lien law of 1889 was, in my judgment, clearly intended to include within its provisions the owners of leased lands improved by a lessee, with the limitation only that the lien therein provided should not extend to "repairs" by, or at the instance of, the lessee. There is nothing in the section that would warrant the court in excepting lessors from the class of owners therein referred to. The language is: "Every building or other improvement  *  *  *  erected, constructed,  *  *  * or repaired upon any land with the knowledge of the owner of such land, or of any person claiming an interest therein otherwise than as *bona fide* prior mortgagee, incumbrancer, or lienor, shall be held to have been erected, constructed,  *  *  *  at the instance of such owner or person, only so far as to subject his interests to a lien therefor;  *  *  *  and such interest shall be subject to any lien given by the provisions of this act, unless such owner or person shall, within five days after he shall have obtained knowledge of the erection  *  *  *  aforesaid, give notice that his interest shall not be subject to any lien for the same, by serving a written or printed notice to that effect personally upon all persons performing labor or furnishing  *  *  *  material therefor, or shall, within five days after he shall have obtained the knowledge aforesaid or knowledge of the intended erection,  *  *  *  give such notice as aforesaid by

posting and keeping posted a written or printed notice to the effect aforesaid, in a conspicuous place, upon said land, or upon the building or other improvement situate thereon. But no lien shall be allowed as against a lessor for repairs made by or at the instance of the lessee."

The language "the owner or person having or claiming any interest therein" unmistakably includes a lessor of lands, and there can be no question of the validity of the legislation. *West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275, (22 Pac. Rep. 231;) *Heath* v. *Solles*, 73 Wis. 222, (40 N. W. Rep. 804;) 15 Amer. & Eng. Enc. Law, p. 22.

The clause in the proviso exempting a lessor from liens for repairs at the instance of the lessee by a reasonable limitation excludes other improvements from the operation of that part of the proviso, and as to them the general rule expressed in the body of the section is left in full force. Suth. St. Const. § 223.

To the legislative mind there might appear very good reasons why, especially in the case of ground leases, a distinction should be made between the construction of new buildings and repairs upon old.

The ground upon which a lien upon the interest of the owner out of actual possession is sustained in such cases is his consent. *Loonie* v. *Hogan*, 9 N. Y. 435, (61 Amer. Dec. 700, notes;) *Burkitt* v. *Harper*, 79 N. Y. 273.

The evidence of his consent is the failure of the owner, after he acquires knowledge of the improvement, to give or post the notice required by the statute. This branch of the case is, however, fully covered by the opinion in the case of *Wheaton* v. *Berg*, 50 Minn. 525, (52 N. W. Rep. 928,) and need not be further considered here. Under the construction there given, the law is not unreasonable or difficult of practical application, and the lessor always has an opportunity to be heard in the lien suit. The lessor, though out of possession, may enter under the protection of the statute to give or post the original notice. Such an entry is not an unlawful invasion of the rights of the tenant or a trespass. No wrong or injury is inflicted on the tenant or his property. The landlord enters by necessity, and under the authority of the law to protect his interest in the reversion. In such cases no action lies. *Brown* v. *Beatty*, 34 Miss. 227, (69 Amer. Dec. 394.)

In opposition to the enforcement of the lien against the estate of the lessor in this particular instance, it is urged that the improvement is for the benefit of the lessee only, because of the provisions in the lease entitling him to remove the building at the expiration of the term.

The building in this instance is a frame and brick building, with substantial foundations; and while, upon certain conditions, it may be removed, yet, it is liable to remain as a permanent improvement of the property, under the privilege of renewal given in the lease; and, unless the stipulated conditions are complied with, such removal is prohibited by the terms of the lease, which requires, among other things, that the lessor shall have previously "paid all rents, taxes, assessments, and charges due on or to accrue up to the expiration of the term about to expire." We have no doubt that the lessor might so far be subrogated to the rights and remedies of the lienholder that, upon the payment by him of any valid lien claim binding on him as owner, the same might be enforced as an equitable charge upon the improvements made by the lessee; but, apart from such considerations, it is enough that the statute is a valid exercise of legislative power, and the legal basis of the lien as against the owner is his consent to an improvement presumably beneficial to the property.

He is directly interested in improvements which, in the case of ground leases such as this, are contemplated thereby; for, without them, the leased premises would be comparatively unproductive, and the rent could not be earned.

The evidence justified the court in finding that the plaintiff had seasonable knowledge of the improvement, and it was his duty to give the required statutory notice, or show a valid excuse, which he failed to do. It is also sufficiently clear that the material and labor for which the lien was allowed and adjudged was not for repairs, but for the erection and construction of a new building upon the premises.

Order affirmed.

(Opinion published 56 N. W. Rep. 253.)