# E. G. WALLINDER v. HARRY WEISS and Others.[1]

November 22, 1912.

Nos. 17,978—(152).

**Statutory notice against mechanics' liens.**

 A lessor may, by posting or giving notice as required by section 3509, R. L. 1905, prevent mechanic's liens from attaching to his interest, although in the lease he has given the tenant permission to make the alterations for which the lien is claimed, the tenant having agreed to pay for the alterations and to restore the building to its former condition at the end of the term.

Action in the district court for St. Louis county to recover $72.82 and to foreclose a mechanic's lien for that amount upon certain

[1] Reported in 138 N. W. 417.

Note.—As to power of lessee or vendee generally to subject owner's interests to mechanics' liens, see note in 23 L.R.A.(N.S.) 601.

premises. Defendants Breen and Shea in their answer admitted their ownership of the premises, but denied that the improvements or alterations were ever authorized by them, or made at their instance, and alleged that plaintiff had due and legal notice that the alterations or repairs were not authorized by them, that they had given the statutory notice required by posting the same, and further that the so-called improvements were of a temporary character and were of no benefit to the premises or to the owners. Defendant Pomeroy in his answer admitted that he was a bona fide mortgagee of the premises before and during the time of the transactions mentioned in the complaint, and prayed that the action be dismissed as to him. The case was tried before Dibell, J., who made findings and as conclusion of law ordered judgment in favor of defendants Breen, Shea and Pomeroy. Plaintiff's motion to amend the conclusions of law or grant a new trial was denied. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*John Jenswold, Jr.,* for appellant.

*John Brown,* for respondents.

HOLT, J.

The defendants Breen and Shea, owners of a building in West Duluth, made a lease thereof to defendant Weiss for three years to be used as a theater. In the lease privilege was given the tenant, at his own risk and expense, to remove and safely store the plate glass and other windows in the front of the building and the front doors, and to change and remodel the front of the building in such manner as may be reasonably necessary and desirable for theater purposes. There was also a stipulation that the tenant was to restore the front to its original condition at the end of the lease, that he should pay all bills for labor or material used in the building and keep it free from liens. The court found that before the beginning of the term of the lease Weiss entered upon the leased premises and commenced to make the changes, wherein plaintiff sold and furnished the required material. Within five days after knowledge that the work was being done, the owners posted and kept posted, in a conspicuous place on the premises, a notice to the effect that the im-

provement was not being made at their instance. Plaintiff not being paid, filed a lien, and in this action to foreclose the same the court held that he acquired no lien upon the estate of the owners Breen and Shea in the building.

Plaintiff's position is that since the owners in the lease permitted the alteration to be made by the tenant, they authorized the improvement under the provision of section 3509, R. L. 1905, and hence cannot, by notice, prevent liens from attaching to their interest. Upon an examination of our mechanic's lien law, it will be found that the right to a lien is based on the proposition that the improvement was made pursuant to a contract with or at the instance of the one whose interest is to be charged with the lien. Prior to the passage of Laws 1889, p. 313, c. 200, it was necessary to prove that the one whose interest was sought to be affected by a lien had contracted for the improvement. O'Neil v. St. Olaf's School, 26 Minn. 329. 4 N. W. 47. In the last named act we find the remedy extended so that a lien may be had where the improvement was made "at the instance of the owner," or his agent, etc. Althen v. Tarbox, 48 Minn. 18, 50 N. W. 828. And it was provided that the presumption should prevail that the improvement was made at the instance of the owner, unless he kept posted or gave written notice to those furnishing material or performing labor that the work was not done at his instance, essentially in the same manner as now found. In construing this section 3509 of the Revised Laws, it is to be remembered that the main purpose in preparing and adopting the Code was to embody the then existing statutes into more compact and orderly form and clearer language. Said section 3509 covers sections 4 and 5 of said chapter 200, Laws 1889. The first part of the section relates to the vendor's interest in an executory contract to convey, and it is entirely clear that such interest may be protected by posting or serving the written notice mentioned unless the vendor has required the improvement to be made. Then follows the provision that every improvement shall be deemed authorized by the owner or parties interested, and that one who has not authorized the same may prevent a lien from attaching to his interest by posting a notice on the premises, within five days after knowledge of the improvement, that the

same is not done at his instance. The act of 1889 clearly indicated that a lessor who did not contract for or direct the improvement to be made could, by giving or posting the notice, prevent his interest from being subjected to lien. Congdon v. Cook, 55 Minn. 1, 56 N. W. 253; Jefferson v. Leithauser, 60 Minn. 251, 62 N. W. 277.

But plaintiff insists that an intention is manifest in the Revised Laws to extend the scope of the mechanic's lien right so as to subject thereto the interest of the one who has merely given permission to the making of the improvement. It is said one who has given permission to make an improvement has authorized it under said section 3509. We consider this proposition unsound. The basis for the right to a mechanic's lien found in Laws 1889, p. 313, c. 200, § 1, is restated in the Revised Laws in section 3505, and it is plain therefrom that it is made to rest upon the ground already herein indicated, that the one whose interest is to be charged therewith has either contracted for the improvement, or else that it has been done at his instance. The only noticeable difference in the language is that in section 1 of the Laws of 1889, giving the lien right, occurs the phrase, "by virtue of a contract with, or at the instance of, the owner thereof, or his agent," etc., while in the Revised Laws the reading is, "whether under a contract with the owner of such real estate, or at the instance of any agent," etc., of such owner. There is here certainly no indication of an intent to broaden or extend the right to a lien. And in fact there is no change in meaning, for if something may be done at the instance of the principal's agent, it may also be done at the instance of the principal. The foundation of this right, as there indicated, must be kept in mind in giving the proper meaning to the word "authorized" as found in said section 3509: "When improvements are made by one person upon the land of another, all persons interested therein * * * shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. But any person who has not authorized the same may protect his interest from such liens" by the notice mentioned "that the improvement is not being made at his instance." We may assume for the purpose of this decision that, if the respondents authorized the alteration, notice that the same was not made

at their instance will not prevent liens from attaching. But the word "authorized," as used in the section mentioned, is not synonymous with a permission or consent to an improvement made by a lessee or vendee for the latter's convenience. We think this appears when the purpose of the law as found in section 3505 and the whole mechanic's lien law, as it existed before the revision and is now found, is considered. A vendor may protect his interest by notice unless he has *required* the improvement to be made. The notice which serves to protect must state that the improvement is not made at the *instance* of the one who gives it. We take it that "authorized" here means authorized by contract with, or by direction, or at the instance of the owner or person interested, and not merely by his permission or consent at the instance of a tenant or vendee. Any other holding would work disastrous results to lessors or vendors who in many instances lease or sell with the understanding, express or implied, that the tenant or vendee, to enjoy the interest acquired, must necessarily make improvements or alterations. Such mere consent ought not irrevocably to subject the interest of the owner to mechanic's liens for work or material performed or furnished at the instance of a lessee or vendee. And we are of the opinion that the revision of the statutes made no radical change or departure in the mechanic's lien law as it existed prior thereto.

Therefore we hold that the defendant lessors herein, who merely consented to a temporary alteration by the tenant of the front of the building, by keeping the notice posted as provided by law that such alteration was not made at their instance, prevented plaintiff's lien from attaching to their interest.

**The judgment is affirmed.**