# MINNEAPOLIS PLUMBING COMPANY v. ARCADE INVESTMENT COMPANY.[1]

.January 16, 1914.

Nos. 18,304—(193).

**Mechanic's lien — failure of owner to post statutory notice.**

1. Leased realty is subject to a mechanic's lien for improvements made at the instance of the lessee, where the lessor knows such are being made and, without excuse, fails to give or post the written notice of irresponsibility provided for by G. S. 1913, § 7024.

**Burden of proof.**

2. The burden of proving the giving or posting of notice is upon the defendant landowner.

**Corporate existence of defendant — absence of allegation — evidence.**

3. In an action against a corporation, the complaint need not allege defendant's corporate existence, and a denial thereof in the answer is unavailing, where it is refuted by the terms of the verification and by evidence brought out by defendant itself.

**Knowledge of corporate officer binding on corporation.**

4. Defendant corporation *held* charged with its secretary's knowledge that the improvements to its realty, covered by the lien in suit, were being made at the instance of the lessee of the property, so as to subject the same to lien under the statute.

**Amendment of settled case.**

5. Objection to amendment of the settled case *held* insufficient to present the question whether such would be precluded after perfection of the appeal.

**Amount of lien — clerical error.**

6. Slight excess in the lien account filed, due to clerical error in adding the items, *held* harmless.

[1] Reported in 145 N. W. 37.

Note.—As to the power of a lessee or vendee to subject owner's interests to liens, see notes in 23 L.R.A.(N.S.) 601 and 62 L.R.A. 380.

On the general question of the effect of filing an excessive lien, see note in 29 L.R.A.(N.S.) 306.

Action in the district court for Hennepin county to recover $202.50 for labor and material and to foreclose a lien therefor. The separate answer of defendant investment company denied that it employed plaintiff to do the work mentioned in the complaint, or that it gave any consent therefor, and alleged that if any work was done or materials furnished it was done and they were furnished at the request of defendants Neamon & Economy, sublessees. The case was tried before Leary, J., who made findings that plaintiff was entitled to judgment for $197.50, entitled to a lien therefor upon the premises described, and that the lien of plaintiff be foreclosed by a sale of the premises. From the judgment entered pursuant to the order for judgment, defendant investment company appealed. Affirmed.

*A. C. Middelstadt,* for appellant.
*James C. Melville,* for respondent.

PHILIP E. BROWN, J.

Appeal by the Arcade Investment Co. from a judgment awarding plaintiff a mechanic's lien upon its realty and adjudging foreclosure.

In 1907, defendant, being the owner of a building in Minneapolis, leased a room therein for 10 years to one Cohen, who thereafter used it as a store until April or May, 1912, when he sublet to Neamon & Economy, who then took possession and proceeded to fit up the room as a restaurant, employing plaintiff to do the work and furnish and install sinks, lavatories, water-closet, etc., together with requisite plumbing. Pursuant to this arrangement plaintiff supplied such articles, all of which were new, and did the work, all of the value of $222.50, and charged the same on its books to Neamon & Economy, who thereafter, at some time not disclosed by the record, paid $25 thereon, only. In due time plaintiff filed a mechanic's lien against the realty for $227.50, claiming, among other things, that the several items mentioned were installed with defendant's knowledge and consent.

The court found the facts substantially as stated, and, further, that the contract for furnishing articles and labor was entered into

with defendant's knowledge and consent, and the same were furnished and performed also with its consent, and constituted improvements to its property. It appeared that, prior to any installation or labor, defendant's secretary knew Neamon & Economy intended to have plaintiff do the plumbing, made no objection, and signed a permit therefor, so as to comply with the city's ordinance requiring such to be issued before installation.

1. Defendant contends that where improvements are made by a lessee, no lien therefor will attach, and that G. S. 1913, § 7024, has no application. This section is as follows:

"Whenever land is sold under an executory contract requiring the vendee to improve the same, and such contract is forfeited or surrendered after liens have attached by reason of such improvements, the title of the vendor shall be subject thereto; but he shall not be personally liable if the contract was made in good faith. When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. But any person who has not authorized the same may protect his interest from such liens by serving upon the person doing work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises: Provided, that as against a lessor no lien is given for repairs made by or at the instance of his lessee."

The contention is that the provision as to giving written notice that improvements are not being made at the instance of the owner, applies only as between vendor and purchaser. The contrary, however, was held in Congdon v. Cook, 55 Minn. 1, 56 N. W. 253, and the same doctrine recognized in Jefferson v. Leithauser, 60 Minn. 251, 62 N. W. 277, and Wallinder v. Weiss, 119 Minn. 412, 415, 138 N. W. 417. Under our statute the lien does not necessarily rest upon a contract with the owner. Althen v. Tarbox, 48 Minn. 18, 50 N. W. 1018, 31 Am. St. 616. Authorities holding otherwise

from states not having similar statutes are not in point.. Neither is Ryan Drug Co. v. Rowe, 66 Minn. 480, 69 N. W. 468, nor Forman v. St. Germain, 81 Minn. 26, 83 N. W. 438, both depending upon entirely different facts. The burden of proving service or posting of notice rests on the owner. McCausland v. West Duluth Land Co. 51 Minn. 246, 53 N. W. 464. There is no showing here of either. Unexcused absence thereof, coupled with knowledge on the part of a landowner of the improvement being made, subjects the land to lien. Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926.

Nor can it be held that the articles furnished and labor performed were "for repairs," within the meaning of the statute. No repairing was done. The lien items were improvements in that they increased the value of the property. No claim is made that any of the installations are trade fixtures or removable.

3. Defendant insists, however, the complaint states no cause of action because it contains no allegation that defendant is a corporation; and, further, that as the answer expressly denies it is such, therefore the testimony to the effect that the secretary knew the improvements were being made did not establish defendant's knowledge. No allegation of defendant's corporate existence was necessary. Holden v. Great Western Ele. Co. 69 Minn. 527, 72 N. W. 805, 65 Am. St. 585; Hollister v. U. S. F. & G. Co. 84 Minn. 251, 87 N. W. 776. And while the answer does deny that defendant is a corporation, it is verified by the same person who signed the improvement permit, he therein swearing "he is one of the officers of the defendant, The Arcade Investment Company, a corporation, the secretary thereof," and, as shown at folio 39 of the paper book, defendant itself brought out the fact of its corporate existence. Its secretary's knowledge, therefore, must be imputed to defendant. Jefferson v. Leithhauser, supra. A corporation can gain such only through its officers and agents. Defendant's insistence that its directors or stockholders must have had knowledge cannot be sustained.

Defendant also urges that the evidence failed to show filing of the lien statement in the office of the register of deeds. The original instrument, with file marks thereon, was received in evidence, accompanied by extraneous evidence of filing. Subsequently a case was

settled showing no offer of file marks. Thereafter plaintiff moved to amend so as to show reception of due endorsement as to filing. On the hearing defendant's sole objection was on the ground that "the case has been closed and concluded and on the further ground that a settled case has been made and signed and allowed by the court." The objection was overruled and motion granted. The point is now made that the court was without power to grant relief because this appeal had then been perfected; but it cannot be sustained, the objection made below being insufficient to raise the question. The court, in any event, had the right to correct the settled case before appeal.

The evidence sustains the findings.

4. The five dollar excess in the lien account filed was due to mere clerical error in adding the items, and hence was a harmless irregularity, likewise rendered innocuous by the maxim *de minimis.*

Assignments of error not covered are without merit.

Judgment affirmed.