BERGLUND & PETERSON v. LEON ABRAM AND OTHERS.
EARL WRIGHT, APPELLANT.[1]

April 15, 1921.

No. 22,118.

**Mechanic's lien — owner must consent to improvements.**

1. Improvements cannot be charged as a lien against land, unless made with the consent of the owner.

**Failure of owner to disclaim responsibility.**

2. But the legislature may provide that an owner, who fails to disclaim responsibility for improvements made with his knowledge, shall be deemed to have authorized them.

**Part-owner's interest liable to whole cost of improvements.**

3. The interest of a part-owner may be subjected to a lien for the entire cost of improvements made at his instance or with his consent.

**Statute — disclaimer of responsibility.**

4. The statute provides, in effect, that all persons, except encumbrancers, having an interest in land, shall be deemed to have authorized improvements made thereon with their knowledge, "insofar as to subject their interests to liens therefor," unless they shall disclaim responsibility for such improvements in the prescribed manner.

**Liberal construction of mechanic's lien statute.**

5. The purpose of the statute is to protect laborers and materialmen, and it should be liberally construed to accomplish that purpose.

**Lien founded on owner's statutory duty.**

6. The lien is founded on the duty which, under the statute, the owner owes to laborers and materialmen.

**Part-owner's liability when he fails to disclaim responsibility.**

7. Where only one of several part-owners knows that an improvement is being made and he fails to disclaim responsibility therefor, his interest in the land may be charged with a lien for the entire improvement.

[1]Reported in 182 N. W. 624.

Action in the district court for St. Louis county to recover $5,639.09 and enforce a mechanic's lien for the same. The case was tried before Cant, J., who made findings and as conclusions of law ordered judgment in favor of plaintiffs and certain defendants that the total judgment constitute a lien upon the undivided interest of Earl Wright in the premises and that interest be sold to satisfy the judgment. The motion of Earl Wright for amended findings and conclusions of law was denied. From an order denying his motion for a new trial, Earl Wright appealed. Affirmed.

*Alford, Hunt & McBean,* for appellant.

*Warner E. Whipple* and *Frank E. Randall,* for respondents.

TAYLOR, C.

This action was brought to enforce mechanics' liens against a certain lot in the city of Duluth. The owners of the lot are Sarah A. Wright, Jessie Wright James, Earl Wright and Fred R. Wright. Sarah A. Wright owns an undivided one-third of the lot and each of the others an undivided two-ninths thereof. In 1909 the four joint owners executed a ground lease of the lot to Leon Abram for a term of nearly 100 years and sold him the building thereon. In 1917, Abram made extensive improvements in the building, and the liens in question were filed for work performed and material furnished in making these improvements. Before the trial, Abram had been adjudged a bankrupt, and his ground lease had been canceled and annulled. The trial court found and determined the respective amounts due the several lien claimants, and further found that defendant Earl Wright had actual knowledge of the making of the improvements and neither gave nor posted any notice that they were not made at his instance, and further found that the other fee owners had no knowledge of the making of the improvements. As conclusions of law the court held that the several lien claimants were entitled to liens on the interest of defendant Earl Wright in the property for the full amount of their respective claims, but were not entitled to liens on the interest of any of the other fee owners. Defendant Earl Wright made a motion for a new trial and appeals from the order denying it. He will be designated as defendant hereinafter.

Defendant's counsel state in their brief: "The court below charged

Earl Wright's two-ninths interest with the entire nine-ninths of this lien. Appellant Earl Wright concedes that his interest is subject to a two-ninths part of this lien, but denies that it is subject to the other seven-ninths. This is the question which is raised, in the last analysis, by all the assignments of error. Hence we will not deal with the assignments of error separately but will discuss this one issue."

They contend that, if the entire cost of the improvement is enforced against defendant's undivided two-ninths interest in the property, it will result in taking his property without due process of law, and present a forceful argument in support of their contention.

The statute provides: "When improvements are made by one person on the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be deemed to have authorized such improvements, insofar as to subject their interests to liens therefor. But any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvements, within five days after knowledge thereof, written notice that the improvement is not being made at his instance or by posting like notice, and keeping the same posted, in a conspicuous place on the premises." G. S. 1913, § 7024.

It is well settled that improvements made by one person on the land of another cannot be charged as a lien against the land, unless the improvements were made at the instance or with the consent of the landowner. Laird v. Moonan, 32 Minn. 358, 20 N. W. 354; Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513; Bardwell v. Mann, 46 Minn. 285, 48 N. W. 1120; Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926. But it is also well settled that the legislature may provide by statute that improvements made with the knowledge of the landowner shall be deemed to have been made at his instance, unless he disclaims responsibility therefor in the manner and within the time prescribed by the statute. Martin Lumber Co. v. Howard, 49 Minn. 404, 52 N. W. 34; Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926; Congdon v. Cook, 55 Minn. 1, 56 N. W. 253; Northwestern L. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964.

Defendant knew the improvements in question were being made and did not give or post the notice provided for by the statute. He concedes

that under these circumstances the statute creates a lien against his un-divided two-ninths interest in the property, but contends that the statute cannot create a lien against this interest for the entire cost of the im-provements, but only for the two-ninths part thereof which inured to this interest. In support of this contention he argues that liens for improve-ments made without express authority of the landowner can only be sustained on the theory that the improvements become a part of, and are beneficial to, the land; that the lien in question does not rest on any af-firmative act of his, but wholly on the presumption of consent created by the statute; that the legislature cannot create a presumption that the im-provements were made with his consent, unless the facts on which the pre-sumption is founded furnish a rational basis for inferring such consent, and that the fact that he knew of the making of the improvements, with-out disclaiming responsibility therefor, furnishes no rational basis for in-ferring that he consented that the seven-ninths part of the improvements which inured to the other part-owners of the property should be charged against his two-ninths interest therein. He states frankly that he has been unable to find any case in which the question which he raises has been decided or discussed. Plaintiff cites many cases, of which Ness v. Wood, 42 Minn. 427, 44 N. W. 313; Ness v. Davidson, 49 Minn. 469, 52 N. W. 46; Mellor v. Valentine, 3 Colo. 260; Roxbury P. & D. Co. v. Nute, 233 Mass. 112, 123 N. E. 391, 4 A. L. R. 680, are examples, in which the interest of one part-owner has been subjected to a lien for the entire cost of improvements made to the common property, but defen-dant answers that in all these cases the consent of the part-owner was either expressly given or could be implied from the facts proven without the aid of any statutory presumption, and that the question which he raises was not involved or considered in any of them.

While we have read defendant's able and ingenious argument with much interest, we are unable to accept all his premises or to concur in his conclusion. The statute provides that, where improvements are made by one person on the land of another, all persons having an interest in the land, otherwise than as encumbrancers or lienors, "shall be deemed to have authorized such improvements insofar as to subject their interests to liens therefor," unless they give or post notice, within five days after

knowledge thereof, that the improvements are not being made at their in-
stance.

The purpose of the statute is to protect laborers and materialmen by
giving them a lien on the property for the value of the work and ma-
terial they contribute toward its improvement. To remove grounds for
controversy and to make the protection intended more certain and ef-
fective, the statute imposes on every person, having an interest in the
property and who knows that improvements are being made thereon
which he has not authorized, the duty to warn the laborers and material-
men concerned that the improvements are not being made at his in-
stance, and provides that if he fails to give such warning he "shall be
deemed to have authorized such improvements" to the extent of subject-
ing his interest to a lien therefor.

That the legislature may impose such a duty on the owners of the
property for the protection of those who furnish labor or material for its
improvement, and may make the failure of an owner to give or post the
prescribed notice equivalent to an express acknowledgment that the im-
provement is being made at his instance, is no longer an open question.
Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926; Congdon v. Cook, 55
Minn. 1, 56 N. W. 253; Minneapolis Plumbing Co. v. Arcade Inv. Co. 124
Minn. 317, 145 N. W. 37; Martin Lumber Co. v. Howard, 49 Minn. 404,
52 N. W. 34; McCausland v. West Duluth Land Co. 51 Minn. 246, 53
N. W. 464; Sandberg v. Palm, 53 Minn. 252, 54 N. W. 1109; Fuquay
v. Stickney, 41 Cal. 583; 18 R. C. L. 907, and cases there cited. And
as the statute is remedial, it is to be liberally construed to accomplish
the purpose for which it was enacted. Krengel v. Haslam, 118 Minn.
506, 137 N. W. 11; Lindquist v. Young, 119 Minn. 219, 138 N. W. 28;
Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620; Johnson v.
Starrett, 127 Minn. 138, 149 N. W. 6; Lamoreaux v. Andersch, 128
Minn. 261, 150 N. W. 908.

As already stated, it is well settled that, where a part-owner contracts
for or authorizes the making of an improvement on the common prop-
erty, his interest therein may be subjected to a lien for the entire cost
thereof, and defendant concedes that such is the law. Defendant, having
had knowledge of the improvements in question and having failed to dis-
claim responsibility therefor, must be deemed to have authorized them

insofar as to subject his interest to a lien therefor. To authorize them means something more than merely giving permission to make them. It means an affirmative grant of the right to make them. Wallinder v. Weiss, 119 Minn. 412, 138 N. W. 417. By virtue of the statute, defendant stands in the same position as if he had expressly authorized the improvements in controversy. This brings him within the rule which subjects the interest of a part-owner to a lien for the cost of improvements made to the common property at his instance. The lien in question finds its support in the duty which, under the statute, defendant owed to the laborers and materialmen. Having failed to perform that duty, his interest in the property could be lawfully charged with a lien for the amounts due these laborers and materialmen.

Order affirmed.