WAGNER, Respondent, v. WA'GNER et al, Appellants.

(196 N. W. 499.)

(File No. 5484.   Opinion filed December 21, 1923.)

1. **Mechanics' Liens—Not Superior to Prior Vendor's Lien on Land; "Bona Fide Prior Lienor."**

   A mechanic's lien arising out of the construction of a dwelling house, under Rev. Code 1919, Sec. 1647, is not superior to the rights of a prior vendor of the land on which the house was built, who still holds legal title as security for an unpaid balance; such vendor being a "bona fide prior lienor" within the statute.

2. **Appeal and Error—On Appeals from Judgment, Sufficiency of Facts Found Only Question Presented.**

   On appeals merely from a judgment, the only question before the court is sufficiency of findings of fact to support conclusions of law and the judgment.

Appeal from Circuit Court, Hutchinson County; HON. R. B. TRIPP, Judge.

Suit by Bertha Wagner against William Wagner, Adam Auch and Ammon Auch, copartners doing business as Adam Auch & Son, and another. Judgment for plaintiff, and defendants Auch appeal. Affirmed.

*Lars A. Bruce,* of Yankton for Appellants.

Appellant cited: Rev. Code 1919, Sec. 1647; Berlund v. Wright, 182 N. W. 624.

GATES, J.   Plaintiff sold certain land to defendant Wagner on a contract which provided for a down payment, a payment of a certain sum per annum to a relative during her life, and a final payment when plaintiff's title should be perfected.   Defendant Wagner went into possession and proceeded to erect a dwelling house.   Alleging the completion of her title and the tender of deed and abstract of title, and the neglect and refusal of defendant Wagner to make the final payment, plaintiff brought this action for the strict foreclosure of the contract.   Rev. Code 1919, §§ 2914-2917.   Defendant Menno Lumber Company and defendants Auch were made parties because of claimed mechanics' liens arising from the construction of the dwelling house.   The trial court made findings of fact and conclusions of law favorable to plaintiff, and entered judgment that plaintiff's vendor's lien was

superior to the mechanics' liens. The defendants Auch appeal from the judgment.

[1] It is contended by appellants that their lien is superior to the rights of respondent, because they say respondent was the owner of the land. They invoke the provisions of section 1647, Rev. Code 1919, and they rely upon Berglund v. Abram, 148 Minn. 412, 182 N. W. 624, which construes a similar statute. So far as here material, said section 1647 provides:

"* * * When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to the liens therefor. But any person who has not authorized the same may protect his interests from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises: Provided, that as against a lessor no lien is given for repairs made by or at the instance of his lessee."

That section does not warrant the conclusions drawn by appellants, because respondent comes within the exception, to wit, she was a bona fide prior lienor. Upon the execution of the contract, defendant Wagner became the equitable owner, and, while respondent still held the legal title, she held it in trust for the purchaser and as security for the payment of the balance remaining unpaid on the contract. Reid v. Gorman, 37 S. D. 314, 158 N. W. 780; Phillis v. Gross, 32 S. D. 438, 143 N. W. 373; State ex rel Dillman v. Weide, 29 S. D. 109, 135 N. W. 696.

[2] Appellants further urge that at the least they were entitled to have their lien established as against the building and a provision for a sale thereof. Suffice it to say that the findings of fact do not bring this case within the provisions of section 1657, Rev. Code 1919, and, inasmuch as this appeal is merely from the judgment, the only question before us is whether the findings of fact support the conclusions of law and the judgment.

Finding no error, the judgment appealed from is affirmed.

Note.—Reported in 196 N. W. 499. See, Headnote (1), American Key-Numbered Digest, Mechanics' Liens, Key-No. 199, 27 Cyc. 252; (2) Appeal and error, Key-No. 864, 4 C. J. Sec. 2558.