## JOHN SANDBERG *vs.* S. T. PALM *et al.*

Submitted on brief by appellant, argued by respondent, April 20, 1893. Decided May 11, 1893.

**Time of Bringing Suit to Foreclose Mechanic's Lien.**

In an action to foreclose a mechanic's lien, the fact that it was not commenced within one year after the date of the plaintiff's last item, by reason of which he cannot recover, will not prevent a recovery by a lien-claiming defendant, whose answer is filed within a year after the date of his last item.

**Knowledge of Broker not Notice to Owner.**

Knowledge in an agent, authorized only to sell real estate, that a building is being constructed on it, is not knowledge in the owner, for the purposes of Laws 1889, ch. 200, § 5.

**Finding not Sustained by the Evidence.**

Evidence *held* insufficient to sustain a finding of fact.

Appeal by David A. Corey, one of the defendants in this action, from an order of the District Court of Ramsey County, *William Louis Kelly*, J., made March 11, 1893, denying his motion for a new trial.

The defendant Corey, of Fitchburg, Massachusetts, owned lots fourteen (14) and fifteen (15) of Chute Brothers' Division No. 6 Addition to St. Paul. Early in 1890, he wrote his friend Joseph W. Fairbank of St. Paul to put the property into the hands of brokers for sale. Fairbank employed John M. Dahlby, a real-estate broker,

to sell the property. Dahlby made an oral agreement with Nels Burkey, and on April 1, 1890, Fairbank at the instance of the broker, signed a contract for Corey with Burkey to sell and convey the lots to Burkey, or his assigns, for $2,300, to be paid on or before August 1, 1890, with interest at the rate of eight per cent. a year. Burkey took possession, and began at once to build four dwelling houses thereon, but before completing them, he became insolvent and abandoned the work.

The plaintiff, John Sandberg, performed labor for Burkey upon the houses prior and up to June 21, 1890. He made and filed a lien statement, and commenced this action to foreclose it. The complaint was filed June 20, 1891, but the summons was not delivered to the Sheriff for service until August 14, 1891. S. T. Palm, Ole Hammer and other parties who had performed labor or furnished materials, seeing the complaint on file, appeared and filed answers setting up their respective claims for liens and asking foreclosure. Corey filed his answer on October 13, 1891. Hammer built the foundations for the houses for the contract price of $570. He commenced the work May 2, and finished it October 21, 1890, and duly filed his statement for a lien. He filed his answer in this action on July 6, 1891, setting forth his lien, and prayed judgment against Burkey for said amount and interest. He also prayed that the premises be sold and his claim paid from the proceeds, and that Corey's title be adjudged subject to his lien because, as he alleged, it was orally understood between Corey's agents and Burkey that Burkey should build the houses, and then mortgage the property and obtain money to pay Corey for the lots, and that Corey must be presumed to have had notice of the improvement, yet gave no notice (as required by Laws 1889, ch. 200, § 5) that his interest in the property would not be subject to lien. In May, 1892, the court, on motion founded on a stipulation as to the dates, determined that all the other lien claimants were too late with their answers to preserve their liens. The issues were tried October 31, 1892, and findings of fact were made and judgment ordered denying plaintiff any relief, but giving defendant Hammer the relief he prayed. Corey moved for a new trial, and, being denied, he appeals, and the contention in this court is between these two defendants.

*William G. White*, for appellant.

There never was any action properly commenced by the plaintiff. The fact that his right of action was barred June 21, 1891, rendered the delivery of a summons to the Sheriff on August 14, 1891, and the publication thereof after that time, a mere nullity, and could not operate as the beginning of an action.    Neither did it operate to begin an action in favor of the defendant Hammer, because up to August 14th there was no action pending against the defendant Corey, and the filing by Hammer of his answer prior to that time was a simple voluntary act, which conferred no rights upon him, and fastened no obligation upon the defendant Corey.    *Steinmetz* v. *St. Paul Trust Co.*, 50 Minn. 445; *Smith* v. *Hurd*, 50 Minn. 503.

The trial court found that the defendant Corey knew of, and consented to, the erection of the buildings upon the premises, and that he did not object or give notice in any manner.    This finding is unsupported by the evidence.

*Daniel W. Doty*, for respondent.

Hammer's answer was filed July 6, 1891.    Corey filed his answer, October 13, 1891.    So that when Hammer's year expired on October 21, 1891, both Corey and Hammer had answers on file in this action, and according to *Smith* v. *Hurd*, 50 Minn. 503, cited by appellant, the action was commenced and pending from the time of his appearance without service.    It matters not to Hammer, that by the negligence of plaintiff and other defendants, no summons was served or appearance made, within the life of their liens.    It was sufficient for Hammer that on October 13, 1891, eight days before his year expired, an action was not only pending, but the cause at issue, as to Corey and Hammer.

The findings of the court that Corey knew of the erection of the buildings, and that Fairbanks was his agent, are supported by the evidence.

Respondent concedes that any verbal authority from Corey to Fairbanks would be insufficient to empower Fairbanks to make a valid, enforceable contract for a conveyance.    Indeed any oral contract by Corey himself to convey land to Burkey would be void,

but it would be admissible to establish, that work was done with his knowledge and assent.    Oral authority to Fairbanks to sell, and to induce and solicit purchasers to build, although insufficient to empower Fairbanks to make a valid contract of sale, was sufficient to establish the fact that the buildings were erected with the knowledge and assent of Corey, and at his instance, with his license.    *Little* v. *Willford*, 31 Minn. 173; *Althen* v. *Tarbox*, 48 Minn. 18.

GILFILLAN, C. J.    Action to foreclose a mechanic's lien.    The contest on this appeal is between Hammer, a lien-claiming defendant, and Corey, the owner defendant, who appeals from an order denying his motion for a new trial after a decision against him.

The appellant's first point is that the plaintiff's action was not commenced within a year after the date of the last item of his lien, and consequently no lien claimant could appear as defendant in the action, and assert his lien, although, when appearing, his lien was alive.    The date of plaintiff's last item was June 21, 1890.    The complaint was filed, the notice of *lis pendens* filed for record, and the summons made out, June 20, 1891, though the latter was not delivered to the sheriff for service till August 14, 1891, and the summons was served on Corey, by publication, within sixty days thereafter.    He filed an answer October 13, 1891.    The date of Hammer's last item was October 21, 1890, and he filed his answer July 6, 1891; so that when the action was commenced more than a year had elapsed since the date of plaintiff's last item, and less than a year since the date of Hammer's last item.    That the plaintiff did not commence his action within the year did not go to the jurisdiction of the court.    As soon as the summons was served there was an action pending to enforce his lien, in which any lien claimant might present his claim of lien.    That plaintiff's action was not commenced within his year was matter of defense only; and certainly the claim of any defendant to a lien cannot be affected by any other party to the action succeeding or failing in his claim. Hammer having filed his answer within a year, and the court having acquired jurisdiction to determine liens, he was entitled to have his claim allowed, if established, although there was a defense to plaintiff's claim.

The houses upon which respondent's labor and material were furnished were constructed by one Burkey on Corey's real estate, respondent doing the work and furnishing the material for Burkey. The lien is claimed under Laws 1889, ch. 200, § 5, on the ground that Corey had knowledge that the work was being done and material furnished, and failed to give the notice required by that section. At the trial the chief contention of fact was as to whether Corey had such knowledge or notice, so as to make it his duty to give the notice so required. He was a nonresident, and there is no suggestion in the evidence that he had personal knowledge or personal notice of it till after all the work was done, and the materials had been furnished. One Fairbanks, assuming to act as his agent, executed in his name, April 1, 1890, a written contract to convey the real estate to Burkey; and there is evidence that be- tween Fairbanks and Burkey it was understood at the time that the latter would build on it. It is not shown that Corey knew of this understanding. It may be assumed that the notice to Fair- banks was sufficient, provided he was the agent of Corey, with such authority that his knowledge that the work was being done would be, under the section referred to, the knowledge of the latter. The evidence indicates that he was authorized to place the real estate in the hands of agents to sell it. It might be possible, on the evi- dence, to sustain a finding that he had authority to sell it himself. That is the utmost that the evidence suggests as to his authority in respect to the real estate prior to January, 1891. At that time, being informed that parties had "squatted" on the real estate, Corey wrote to Fairbanks that, as he knew no one in St. Paul, he should rely on him to care for it, or employ some competent man to do it. Such a request, with such a purpose in view, might give the agent sufficient authority, so that his knowledge would be the knowledge of his principal, under section 5. But that was after the transactions herein involved. As that section is construed by this court, knowledge by the owner, and failure to serve notice, is evidence of his consent that his land be charged with the claims of persons doing work or furnishing material in constructing a building upon it. *Wheaton* v. *Berg,* 50 Minn. 525, (52 N. W. Rep. 926.) To make knowledge of an agent equivalent to knowledge of the owner, his authority must be such that he could bind his principal

by consenting to so charge the land. An agent merely to sell has no such authority. In a memorandum filed, upon denying the motion for a new trial, the court below appears to think that evidence of the requisite authority in Fairbanks is found in a letter from Corey to Mr. Doty under date of March 27, 1891. Mr. Doty had written to him, "April 1, 1890, you sold by your attorney, Joseph W. Fairbanks, to Nels Burkey," this real estate, stating that Burkey partly erected four buildings on it, and paid the laborers nothing, and asking how much, in cash, he will take for the lots, subject to the liens. In answer to this, Corey wrote: "Dr. J. W. Fairbanks still has charge of all my real estate in St. Paul, and I will forward your note, and ask him to reply to, it." The court below construed this as an admission of Fairbanks' authority back to April 1, 1890, and so far the court was correct. But what authority is thus admitted? Clearly, only the authority indicated in Doty's letter, to wit, authority to sell the real estate.

The evidence was entirely insufficient to show Fairbanks' authority such that his knowledge could be held the knowledge of Corey.

Order reversed.

VANDERBURGH, J., absent.

(Opinion published 54 N. W. Rep. 1109.)

Application for reargument denied May 23, 1893.

