### J. L. STRAUCH v. LOUIS L. MAY.[1]

June 27, 1900.

Nos. 12,080—(140).

**Authority of Cashier to Receive Notice of Assignment of Wages.**

One whose duties and authority as cashier are restricted to the payment of money under the direction of his employer is not the agent of his principal for the purpose of receiving notice of the assignment of wages by an employee.

**Finding Sustained by Evidence.**

Evidence examined, and *held* to support the finding that the principal had not been served with such notice.

Action in the municipal court of St. Paul to recover $100 on an assignment of salary. The case was tried before Orr, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*S. C. Olmstead,* for appellant.

*H. J. & A. E. Horn,* for respondent.

LEWIS, J.

One Tappan assigned to plaintiff his wages for certain months to be earned in the future as an employee of defendant. Before the wages so assigned were earned, plaintiff sent an agent to the office of defendant, in the city of St. Paul, to serve notice of the assignment on defendant. The agent was familiar with the arrangement of the office, and looked for defendant, and, not finding him in, called for the cashier, asked him if Tappan worked there, and gave him

[1] Reported in 83 N. W. 156.

a copy of the assignment. The cashier did not notify defendant, but gave the copy to Tappan, who suppressed it, and collected his wages when earned. Defendant employed the cashier to pay out money to his employees, but reserved to himself the hiring and fixing of wages. Defendant had regular office hours at the place above mentioned, and was generally there during that time. On these facts the court found that defendant had never been served with notice of the assignment, and we are of the opinion that the evidence supports the finding.

The defendant had general charge of his business; kept general office hours at his general office; reserved to himself the employment, control, and discharge of his men; and the so-called "cashier" had limited authority to pay out money, only as directed by the fixed orders of defendant. The cashier had no supervision or general powers over the business of defendant, and the question of whether defendant then owed Tappan or should owe him in the future was not within his knowledge as cashier, or within the scope of his authority to find out or determine. Hence notice to him was not notice to defendant. This principle is illustrated in the following cases: Sandberg v. Palm, 53 Minn. 252, 54 N. W. 1109; Trentor v. Pothen, 46 Minn. 298, 49 N. W. 129; Tice v. Russell, 43 Minn. 66, 44 N. W. 886; Jefferson v. Leithauser, 60 Minn. 251, 62 N. W. 277.

Judgment affirmed.