## JOHN HENNING, DOING BUSINESS AS HENNING & CO., v. JOHN V. McADAM AND OTHERS.[1]

April 13, 1923.

No. 23,293.

**When vendor bound by mechanic's lien for improvements made by vendee in possession.**

1. Improvements upon real property made by a vendee in possession under an executory contract of sale are chargeable in mechanics' lien proceedings against the interests of the vendor in the absence of notice by him, as provided for by G. S. 1913, § 7024, that the improvements are not being made at his instance.

**When notice to vendor's agent is notice to vendor.**

2. Notice to an agent of the vendor that such improvements are being made is notice to the vendor, when the agent possesses general authority in respect to his interests in and to the property.

[1]Reported in 193 N. W. 124.

**Findings sustained.**

3. The findings of the trial court are sustained by the evidence.

**When such improvements are made partly on one lot and partly on adjoining lot, when vendor owns both and sells one.**

4. Where improvements are made upon a building situated and standing partly upon one lot or subdivision of land and partly upon an adjoining lot, by a vendee holding possession under an executory contract for the purchase of one thereof, the rights of materialmen and laborers under the mechanics' lien statute will extend to both, where the vendor owns both and stands by and permits the improvements to be made without objection.

Action in the district court for Ramsey county to foreclose a mechanic's lien. The case was tried before Sanborn, J., who made findings and ordered a sale of the premises to discharge the liens upon it. From an order denying their motion for amended findings or a new trial, defendants McAdam appealed. Affirmed.

*Chester L. Caldwell*, for appellants.

*Edward P. Sanborn, Michael T. Hoxmeier, Frank J. Danz, William P. O'Brien, Burtin A. Shay, Richard A. Walsh, John H. Horeish* and *Edgerton & Dohs*, for respondents.

BROWN, C. J.

Action to foreclose a mechanic's lien in which plaintiff and other lien claimant parties had judgment, and defendants John V. McAdam and Marion H. McAdam, husband and wife, appealed from an order denying a new trial.

The facts are in dispute in one important respect only. It appears that of date July 11, 1921, defendant John V. McAdam, the fee owner of the premises in question, entered into an executory contract to sell and convey the same to one Robinson, upon the terms and conditions of future performance specified in the contract, which was in writing. Robinson, a contractor and builder, previously had in mind the purchase of the premises and upon acquiring the same making certain improvements and alterations in the building situated thereon. And upon the execution of the contract, possession being then surrendered to him, he carried out his plans, commencing

work thereon about July 20, 1921, and made all the changes in the building previously in mind. The liens here sought to be foreclosed represent different items of labor and material used and employed in the improvements so made.

The substantial question in the case is whether McAdam had notice of the improvements during the progress thereof, and failed to protect his rights by a compliance with the statute requiring, in such case, the fee owner to give notice that improvements of the character stated are not being made in his behalf or at his instance. Upon this issue the trial court found that

"The defendant (McAdam) knew at the time he executed the contract that Robinson contemplated repairing the house and so altering the same as to make a duplex out of it. This is the repair and alteration which Robinson did make, and for which the lien claimants herein furnished labor and material as heretofore found. That defendant had knowledge that the improvements were being made as early as August 17th, 1921, and he was also notified and knew as early as the 12th of September, 1921, that the same were being made. He served no notice on the lien claimants, and posted no notice upon the premises at any time that the improvement was not made at his instance."

1. The statute controlling the issue in the case is G. S. 1913, § 7024. It is there provided that the fee owner of premises may guard against liability for improvements made thereon by a lessee, or vendee in an executory contract of sale, by posting a notice upon the premises that the improvements underway are not being made at his instance. It applies at bar. Rockey v. Joslyn, 134 Minn. 468, 158 N. W. 787; Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926. And if defendant knew that the improvements were made by Robinson the premises are chargeable with the liens, for there is no claim that the necessary notice was posted or otherwise given. Stravs v. Steckbauer, 136 Minn. 69, 161 N. W. 259. So the controlling question on the appeal is whether the findings of the trial court are within the evidence. We answer it in the affirmative.

During the entire period of this transaction defendant was a resident of the state of New York, and was not personally present in

this state. He was represented in the sale of the property to Robinson by an agent, E. L. McAdam, his brother, a resident of the city of St. Paul wherein the property is located. The agent was informed of the plans of Robinson in respect to the improvement of the property should he make the purchase, and he in turn advised defendant thereof by a letter transmitting the executory contract of sale for signature and acknowledgment. The contract properly executed was returned to the agent for delivery, and it was subsequently delivered to Robinson. In its original printed form the contract contained a clause prohibiting the vendee from making improvements on the premises which might expose the property to mechanics' liens. The clause was stricken out by a line of red ink drawn through the same before it was signed or executed by the parties. Robinson was given possession of the premises early in July and the improvements in question were commenced about the twentieth of that month. The letter of the agent advising defendant that the improvements were in contemplation by Robinson was as follows:

"He (Robinson) expects to move in right away and do what repairing he considers necessary, then in the winter when his business of general contracting eases up he intends to make quite extensive changes and turn the house into a duplex."

The agent also knew that the improvements were being made during the progress of the work. Whether he had general authority in the protection of defendants' interest in the property was a disputed question on the trial. The authority was not conceded. But the evidence taken as a whole justified the trial court in concluding that such authority in fact was possessed by him; and the rule guiding this court in such cases will not permit interference with that view. Defendant had express notice of the intended improvements, as indicated to the agent by Robinson before the contract was entered into. That fact is not disputed; it was conveyed to defendant by the letter transmitting the contract for signature. And that he was otherwise informed through the agent that they were actually being made is also made clear enough by the evidence. Notice to the agent was notice to defendant. Jefferson v. Leithauser, 60 Minn. 251, 62 N. W. 277. The fact that Robinson commenced work a little

earlier than indicated by the letter of the agent does not change the situation in point of substance.

2. Defendant owned adjoining platted lots 24 and 25, the property in question, lot 24 only being sold to Robinson. The building is situated mainly on that and partly on lot 25. Defendant still is the fee owner of both lots. The judgment and decree awarding the liens of the several claimants extends to both. The contention of defendant that the judgment should have been limited to lot 24, the one sold to Robinson, or to that portion only of lot 25 as occupied by the building, is not sustained. The proceeding is one in rem and extends to and includes the real property benefited; in this case both lots 24 and 25. The house in question being in part upon each, the premises benefited, to avoid absurd results, must be treated as including both. This is particularly true on facts like those here involved, defendant being the owner of both lots and of the improved building thereon. What would be the situation in a case involving separate ownership, and a building is constructed by the owner of one lot, inadvertently extended onto the adjoining lot of the other owner, we do not stop to consider. The question is not here involved. On the facts here presented the trial court was right in including both lots in the judgment, Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017, 17 A. L. R. 815. The fact that some of the lien statements did not specify both lots is not a fatal defect. Morrison County Lumber Co. v. Duclos, 138 Minn. 20, 163 N. W. 734; Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620.

3. There was no error in the allowance of either the Tscheda or Albrecht liens. And finding no error in the record, in the findings of the court or the admission of evidence, the order appealed from will be and is in all things affirmed.