W. L. FAUSER v. H. M. McELROY, AND OTHERS.
GUY A. THOMAS AND ANOTHER, APPELLANTS.[1]

November 16, 1923.

No. 23,491.

**Statutory notice against mechanics' liens for improvements not kept posted.**
1. The evidence sustains the finding that appellants, who had contracted to sell a house and lot, did not keep posted on the premises a written notice as provided in section 7024, G. S. 1913, to protect their interest against mechanics' liens for improvements being made under contract with the vendee.

**Owner may be subject to mechanics' liens even when vendee not entitled to possession.**
2. An owner who has entered an executory contract to convey land subjects his interest to mechanics' liens for improvements made at the request of the vendee, even though the vendee has not made payments upon the contract so as to be entitled to take possession, if, after knowledge that the improvements are being made, he fails to protect himself by giving, or posting and keeping posted the notice prescribed in said section 7024.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of plaintiff and a sale of the premises to satisfy the judgment. From an order denying their

[1]Reported in 195 N. W. 786.

motion for a new trial, defendants Thomas and Atkinson appealed. Affirmed.

*M. H. Boutelle, Eugene N. Best* and *Le Roy Bowen*, for appellants. *Ernest Malmberg* and *Thomas Kneeland*, for respondent.

HOLT, J.

By a written contract, dated February 26, 1920, the defendant Guy A. Thomas agreed to sell and convey to F. A. McConnell a house and lot in Minneapolis. The purchaser paid $250 and was to pay $3,250 more, on or before April 29, 1920, when a deed should be delivered in which the purchaser was to assume the payment of a $15,000 mortgage on the premises. The contract provided that possession should not be given until the payment mentioned had been made. The defendant McElroy acted for the purchaser, his sister, defendant McConnell. Mr. Thomas owned only an undivided one-half, but had authority from his co-owner, defendant G. F. Atkinson, to sell and have charge of the entire premises. Benjamin F. Paust was the agent of Thomas to sell the property, but had enlisted the aid of another real estate firm, a member of which, Mr. Bell, closed the deal.

Plaintiff commenced work on April 2, 1920, according to an unchallenged finding. Two days later, on Sunday, Thomas visited the house and found paints and material therein, indicating that work was being done or about to be done on the house. He thereupon posted a notice on the inside of the front door and one on the inside of the back door that he, the owner, would not be responsible for any work done upon or material furnished for the building. He also charged his agent, Mr. Paust, who was called in and saw what was being done, to stop it. Neither Thomas nor his agent thereafter visited the premises until May 25, or three days before the last work was done by plaintiff, when he again posted similar notices. There was also a notice of the same import posted by him in January previous. There was no dispute as to the amount and reasonable value of the labor performed and material furnished, except that Thomas claimed plaintiff's work to have depreciated the value of the premises, whereas plaintiff maintained the value to have been

enhanced greatly beyond the amount of the lien. The court found the facts and decreed a lien, and defendants Thomas and Atkinson appeal from the order denying a new trial.

The decision herein must turn on the sufficiency of the evidence to sustain the finding that appellants, after knowledge that the improvement was being made, did not keep posted any notice on the premises, and secondly, if that finding be sustained, on the question of law whether an owner under contract to convey must needs post and keep posted the notice specified in section 7024, G. S. 1913, in order to prevent mechanics' liens for improvements from attaching to his interest, when such improvements are made before the contract gives the purchaser the right of possession.

The statute referred to reads:

"Whenever land is sold under an executory contract requiring the vendee to improve the same, and such contract is forfeited or surrendered after liens have attached by reason of such improvements, the title of the vendor shall be subject thereto; but he shall not be personally liable if the contract was made in good faith. When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers and lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. But any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises: Provided, that as against a lessor no lien is given for repairs made by or at the instance of his lessee."

As already noted, the court finds that notices were posted twice during the progress of the work, but found the notice insufficient. We shall not stop to consider, and we are not informed, whether the learned trial court so concluded because the notice failed to state that the improvement was not made "at the instance" of the owner,

or because it was not given in behalf of the owner Atkinson of whose interests Thomas was in charge, for, if the notice was not kept posted, the lien would attach, provided the law will permit the improvements here made by a contractor of the purchaser to become a lien on appellants' interest in the land.

The statute is clear that, unless a written notice is served personally on the one doing the labor or furnishing the material, it must not only be posted but kept posted. Not only plaintiff but his foreman testified that they saw no notice at any time during the progress of the work. It is not pretended that the notices posted on April 4 were there when defendant next visited the premises on May 25. The record also shows that no effort by the owners or their agent was made to see to it that notices were kept posted. During the 10 days Thomas remained at home after April 4, he passed the house in question from 4 to 6 times every day. He lived only two blocks therefrom. He posted the notices on a Sunday when the workmen would be absent. He knew material was on the premises and work would be done unless stopped and that the notices he had posted in January were gone. He says he instructed his agent, Paust, to stop the work. Paust testified he was left in charge of the building, and that, during the week following April 4, he frequently telephoned the real estate agency that closed the sale of the premises for him that the improvement must cease, but he never visited the premises, and seemed satisfied with what he learned in regard to McElroy's responsibility, and did not attempt to notify either plaintiff or McElroy of appellants' objection to the work. Appellants displayed no real concern about keeping a notice posted. The onus of proving that a notice was kept posted was on appellants. McCausland v. West Duluth Land Co. 51 Minn. 246, 53 N. W. 464. We think the finding on that issue amply sustained by the evidence.

rt is contended that the law does not require appellants to give notice or keep one posted because the purchaser had not the right of possession, and that, if the law be construed to include them under the circumstances, it is unconstitutional. The statute giving the right of persons contributing to the improvement of land a lien

thereon is based upon the proposition that the owner has contracted for or consented to the improvement (section 7020, G. S. 1913). On that theory the statute has been held constitutional. And ever since Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926, and Congdon v. Cook, 55 Minn. 1, 56 N. W. 253, the provision of section 7024 as to the proof of consent has withstood the attacks charging unconstitutionality. Failure by the owner, after knowledge of an improvement going on, to post and keep posted the notice provided, creates an equitable estoppel. In Martin Lumber Co. v. Howard, 49 Minn. 404, 52 N. W. 34, the opinion states that, by the provision of the section here under consideration, "there has been established a rule of evidence applicable to this class of cases in the nature of an equitable estoppel, and under which all interested parties, with certain exceptions, are required to speak when advised of the fact that improvements are being made upon real property. If, with knowledge of the fact, they remain silent, acquiescence and consent to the making of the improvements and to the consequences in case the labor and materials are not paid for are conclusively presumed under the statute."

The language in Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 Am. St. 663, was directed to entirely dissimilar provisions in the lien law of 1887, p. 281, c. 170, which were of so drastic a nature that the court was compelled to hold the entire law unconstitutional.

It is clear that appellants do not come under any of the exceptions of section 7024. They are owners, not lessors, nor prior encumbrancers or lienors. Counsel cites and relies on Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023, and Johnson v. Soliday, 19 N. D. 463, claiming that appellants hold a vendor's lien and are in reality mortgagees. We do not think the position tenable. As to a lessor the law provides that for repairs alone no lien is given against his interest. But as to improvements other than repairs this court has held a mechanic's lien attaches to the lessor's estate unless, after knowledge of their being made, he protects himself in the manner prescribed in the section quoted. Congdon v. Cook, supra; Jefferson v. Leithauser, 60 Minn. 251, 62 N. W. 277. In Wallinder

v. Weiss, 119 Minn. 412, 138 N. W. 417, it was held that, by giving notice as required, a lessor may protect his interests even though he had given permission to the tenant to make the alterations or improvements. The only contingency in which an owner may not prevent a lien by giving notice is where, in a contract to sell, he requires the vendee to make the improvement.

Moody v. Tschabold, supra, is no authority for appellants. The issues as there framed and tried did not touch notice at all. Nor was the point made that the owner, after knowledge of the improvement, failed to give notice that it was not made at his instance. In short, the opinion intimates that the result might have been different, if the assignments of error had permitted a review of the findings of fact.

The case cited above from North Dakota is upon a mechanics' lien statute not only differing from ours in language, but apparently in spirit. There an owner, upon whose interest a lien may be obtained, is defined to be "every person for whose immediate use and benefit any building, erection or improvement is made, having the capacity to contract." St. N. Dak. § 6828. The word "owner" under our statute is not thus limited. Moreover, the decisions of this court have always been that owners of the equitable and of the legal title alike may subject their interests to mechanics' liens, unless they avail themselves of the means of protection given by section 7024. See Martin Lumber Co. v. Howard, supra; Wheaton v. Berg, supra; McCausland v. West Duluth Land Co. supra, Henning v. McAdam, 155 Minn. 194, 193 N. W. 124.

In the McCausland case Chief Justice Gilfillan tersely states the law as to mechanics' liens when the owner has agreed to sell under an executory contract which does not require the improvement to be made, viz: "And the court below finds that the building was erected with the knowledge of the owner (the land company) so that at the time of the conveyance the case was within section 5 of that chapter, as it was construed by this court in Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926, and unless the owner had protected its property from them in the manner provided in that sec-

tion, the liens had attached, not only to the interest of Riggin [the vendee in the contract], but to that of the owner also."

This view of the statute that a mechanic's lien attaches not only to the vendee's interests but to those of the vendor also, where the latter has knowledge of the improvement being made and does not give or post the notice prescribed in section 7024, has stood now for over 40 years, and should be adhered to even though courts in other states have interpreted somewhat similar statutes differently. No distinction is to be found in our mechanic's lien statute between a vendor who has turned over possession to his vendee and one who has not. If either knows that the land sold is being improved, the notice prescribed must be given or mechanics' liens may attach to his estate therein. Appellants apparently appreciated that the liens of persons, who in good faith undertook work on the premises might attach unless they protected their interests in the way the statute points out. They made an attempt to comply with the statute, but failed in an essential requisite thereof.

The propositions above discussed lead to an affirmance without touching on other matters presented in the briefs.

The order is affirmed.