ALCIDE COUTURE v. JOSEPH P. HENNESSY AND OTHERS.[1]

April 16, 1926.

No. 25,090.

**Order for foreclosure of mechanic's lien insufficient.**
    In this, an action to foreclose a mechanic's lien, the order of foreclosure considered and *held* to be incomplete as to the agency of the party ordering the improvement and as to whether notice posted was served as contemplated by G. S. 1923, § 8495.

    Mechanics Liens, 40 C. J. p. 91 n. 33; p. 116 n. 56, 57; p. 489 n. 33.

Action in the district court for Ramsey county to foreclose a mechanic's lien. The case was tried before Orr, J., who ordered foreclosure in favor of plaintiff and defendant Taillefer. Defendant Orfield appealed from the judgments. Reversed.

*Norton & Norton*, for appellant.

*Daniel J. Hollihan* and *Peder M. Hage*, for respondents.

QUINN, J.

Action to foreclose a mechanic's lien. There was a trial and an order of foreclosure in favor of the plaintiff for $105 and in favor of the defendant Taillefer for $297.50 with interest, costs and disbursements. From the judgments entered thereon, defendant Orfield appealed.

Appellant was the owner in fee of the premises. On July 26, 1923, he gave a contract for a deed to Clara Merritt who went into immediate possession and control of the premises. The witness Farrazzo had been Orfield's tenant and continued to occupy the rooms on the ground floor as a soft drink parlor at a monthly rental of $20 after Merritt purchased the property. Prior to that time, Farrazzo paid his rent direct to Orfield. Shortly after the giving of the contract for a deed, Orfield notified Farrazzo, in writing, that he had sold the premises to Merritt and that he should pay his rent thereafter to Hennessy as her agent, which he did.

[1] Reported in 208 N. W. 545.

In October, 1923, Hennessy told Farrazzo that he might have a new floor and wainscoting put into the place and that he would pay for it and raise his rent to $25 per month, which was agreed upon. Farrazzo then went to plaintiff and arranged with him to furnish the material and do the work at the agreed price of $120. Accordingly plaintiff furnished the material and did the work between the sixteenth and twentieth days of October, 1923. In making the improvements the floor was first laid, then the wainscoting was done. At the trial appellant testified that, while the work was going on and just after the floor was laid, he posted a notice, which was substantially in form like Exhibit 1, upon the casing of the door at the entrance of the building; that the notice was thereafter torn down by someone unknown to him and that the nails with which he tacked it still remain in place. He also testified that he called the attention of the men at work in the place to the notice. Subsequently plaintiff requested payment from Hennessy, which he failed to make, and Farrazzo then paid the plaintiff $15 upon the work, leaving a balance of $105. The testimony given by appellant as to posting the notices and as to the form thereof was received without objection and stands uncontroverted in the record.

The improvement made by the defendant Taillefer consisted largely of painting, papering and plastering. It was begun on February 2, 1924, and completed in the following July. This improvement was made at the instance of the defendant J. P. Schircliff. Appellant testified that, on February 26, 1924, he went to the premises in question for the purpose of inspecting the stairway and first learned of the improvement being made by Taillefer; that he immediately prepared and posted a notice in a conspicuous place upon the building, of which Exhibit 1 is an exact copy; that he then informed Taillefer of the posting of the notice and gave him a copy thereof.

The trial court found that the defendant Hennessy was the agent of Orfield at the time the labor and material were furnished by the plaintiff. It was also found that the defendant Taillefer entered into an agreement with the defendant Schircliff, general manager

for the Realty Service Company, whereby Taillefer was to furnish certain labor and material for the second improvement.

The assignments are that the court erred in finding that Orfield posted notices too late; in finding that Hennessy was the agent of Orfield; and in finding that the judgment in favor of plaintiff and of the defendant Taillefer be a specific lien upon the premises.

It is well-settled in this state that the rule which subjects the property of one person to liens for improvements made thereon by another can only be sustained upon the theory that the owner has consented thereto and hence the circumstances must be such as to show consent or justify an inference of it. Assent of the owner, either actual or presumed, is necessary to support the lien. G. S. 1923, § 8490; Wheaton v. Berg, 50 Minn. 525, 52 N. W. 926; Wallinder v. Weiss, 119 Minn. 412, 138 N. W. 417; Fauser v. McElroy, 157 Minn. 116, 195 N. W. 786.

Defendant Orfield's Exhibit 1 is as follows:

"NOTICE

"PLEASE TAKE NOTICE, That the undersigned, H. M. Orfield, fee owner of property described as Lot 1, Block 1, Langevin's Division, an addition to St. Paul, commonly known as 539-541-543 Decatur Street and 648 Bedford Street, will in no way be responsible or liable for any expenditures or improvements made on said property and his title will in no way be incumbered by any such expenditures or improvements, and no such expenditures or improvements are authorized by him.

Signed:	H. M. ORFIELD."

The foregoing notice would seem to be a sufficient compliance with the requirement of G. S. 1923, § 8495, and, if posted and served as the defendant Orfield testified in relation to the posting and service of the same, it would seem to be sufficient to show that he objected to the improvement being made a charge against the premises and to require a finding that he had not consented to such improvement in the absence of any proof to the contrary.

The finding that Hennessy was Orfield's agent is unsupported by the record. However, there is no finding as to whether a copy of the notice, claimed to have been posted on the premises by the appellant, was ever served upon the plaintiff, Couture. In this respect, the findings must be held to be incomplete.

Concerning Taillefer's lien, there is no finding that Schircliff, who contracted with Taillefer for the improvement made by him, represented the appellant. But there is convincing proof that Orfield posted and served the notice, Exhibit 1. We reach the conclusion that the findings are so incomplete as to both lien claims that a new trial should be had.

Reversed.

STONE, J. (concurring.)

I think the finding is sustained that Hennessy was the agent of Orfield, but upon the other grounds stated in the opinion concur in sending the case back for a new trial of all the issues.