BOND ELECTRIC COMPANY, SUCCESSOR TO TIESO &
KOSTKA ELECTRIC COMPANY, v. MILL CITY PLASTICS,
INC., AND OTHERS.
GEORGE E. CARLSON AND ANOTHER, RESPONDENTS.

102 N. W. (2d) 281.

April 8, 1960—No. 37,883.

*Bouthilet, Daubney & Swenson* and *Irving Gotlieb,* for appellant.
*Cant, Taylor, Haverstock, Beardsley & Gray* and *Fred Clausen,*
for respondents.

FRANK T. GALLAGHER, JUSTICE.
Appeal from a judgment of the district court.
The facts accepted by both parties to the appeal are as follows:

The appellant, Bond Electric Company, successor to Tieso & Kostka Electric Company, engaged in the business of electric contracting and repair work, furnished material and labor at the building on the premises known as 2845 Harriet Avenue South, Minneapolis, Minnesota, at the special instance and request of Mill City Plastics, Inc., one of the defendants in the mechanics lien action. The labor and material consisted in a general way of repairing an electrical system and furnishing and installing new electrical circuits for the purpose of furnishing light for the building and power to operate machines of different kinds in connection with a plastic manufacturing business.

The work done by appellant constituted one continuous improvement commencing with the first item of labor and material furnished by Tieso & Kostka Electric Company. The reasonable value of the labor and material furnished between November 20, 1952, and March 11, 1953, was $9,004.68. Appellant thereafter filed a lien and commenced action to foreclose, but $1,013.30 of the reasonable value was held not lienable. No question of the time of filing or commencement of the action is involved. The improvements were made with the knowledge of the respondents, George E. Carlson and Lillian H. Carlson, his wife, who first had such knowledge in the early part of December 1952.

On October 17, 1952, Tobin Arp Company, then owner of the property involved, entered into a contract to sell the same to respondent George E. Carlson, provided the deal was closed before January 1, 1953. A building previously constructed and designed for the purpose of manufacturing was situated on the lots. The deal was completed and a deed was delivered by Tobin Arp Company to respondents, which deed was recorded on November 21, 1952, as to the unregistered property and on November 26, 1952, as to the registered property.

Subsequent to the execution of the October 17th contract, the Carlsons leased the premises under written lease to Mill City Plastics, Inc., on October 18, 1952.

Sometime prior to November 8, 1952, respondent George E. Carlson visited the premises then used and occupied by Mill City Plastics, Inc., and observed the nature and type of equipment em-

ployed by that company in its manufacturing processes. He also observed the method and manner of the installation which would be required when Mill City Plastics, Inc., would move into and install its equipment in the building at 2845 Harriet Avenue.

On November 8, 1952, Carlson saw two hydraulic presses being moved into the Harriet Avenue building. Those presses were of the same type that he had seen at the former plant of Mill City Plastics. Carlson had knowledge on that date that Mill City Plastics was. going to have some work done at the Harriet Avenue premises in connection with the installation of their equipment. The presses were subsequently installed in the building and were connected to a high-pressure boiler and electrical lines.

On November 10, 1952, Carlson caused to be prepared and posted in four conspicuous places at entrances to the building at 2845 Harriet Avenue South notices which read as follows:

"NOTICE

"The owner of this property 2845 Harriet Avenue South is not responsible for any material or labor furnished for improvements as a part of this property or any work being done on these premises without written approval from the owner directly to company furnishing any labor or material.

(Signed) /s/ GEO. E. CARLSON
Geo. E. Carlson"

These notices were kept posted during all the time that the work and materials, for which liens are claimed, were being performed and furnished.

The issues for our determination are:

(1) Did the text of respondents' notices of disclaimer comply with M. S. A. 514.06 by providing adequate warning that respondents did not consent to the imposition of a lien on their interests in the premises for the cost of improvements to their property initiated by Mill City Plastics, Inc., their lessee?

(2) Are the notices of disclaimer which were posted prior to the commencement of the improvements and kept continuously posted

during the progress of the improvements effective, under § 514.06, to protect the Carlsons against the attachment of a lien under the facts and circumstances here?

The pertinent part of § 514.06 provides as follows:

"* * * When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises."

In a very capable and comprehensive memorandum the trial court reviewed the history of the questions involved and concluded as follows:

"The original Report submitted by Referee Guilford failed to make findings of fact on issues indispensable to the complete and final disposition of the consolidated cases under consideration. In the interests of justice and pursuant to Sec. 5305(2) said cases were recommitted to a Referee to make findings on such issues. The report made pursuant to such recommittal did make such findings which were not inconsistent with findings of fact set out in the original report made by Referee Guilford. Accepting the findings of Referees Guilford and Rue but rejecting their conclusions of law, the Court is of the opinion that the notices posted by defendants Carlson were sufficient *in content* and *in time* to be valid within the meaning of Minn. Stat. 514.06, thereby rendering the said defendants and their property free from liability and the 'mechanics' lien laws.' "

■ The trial court determined that the notice which was posted sufficiently informed the prospective lien claimant that the improvements on the premises were not being made at the owner's instance. A review of the notice satisfies us that a prospective lien claimant, who furnished labor and material without the approval from the Carl-

sons, would be sufficiently informed that they had not authorized the improvements and that the improvements were not being made at their instance within the meaning of § 514.06.

■ Appellant further asserts that a posting under § 514.06, prior to improvements and knowledge thereof, even though the posting is continuously maintained, does not conform with the statutory requirement for posting within 5 days after knowledge. The trial court held that the notice was sufficient in time and we agree.

It appears to us that this statute gives the owner of property occupied by another two methods of protecting himself from liens. In the first place, upon discovering that work is being done or improvements are being made on his property, the owner may, within 5 days after knowledge thereof, give written notice to those who are doing the work or furnishing the material. On the other hand, he may at any time, prior to discovering that any work is being done on his premises, post a notice and keep it posted in a conspicuous place. Such posted notice is sufficient to warn all persons that the owner of the property has not authorized improvements to be made thereon. It further seems to us that the 5-day period relates to the first method and has nothing to do with the posting of a notice.

We have examined the cases cited by appellant as controlling. It was determined in Couture v. Hennessy, 167 Minn. 90, 208 N. W. 545, an action to foreclose a mechanics lien, that the order of foreclosure was incomplete as to the agency of the party ordering the improvement, and as to whether notice posted was served as contemplated by the statute. It will be noted, however, that in that case, although the notice which was posted did not conform to the exact wording of the statute, the court said that the notice would seem to be a sufficient compliance with the requirements of the statute.

In Berglund & Peterson v. Abram, 148 Minn. 412, 182 N. W. 624, the court stated that the purpose of the statute was to protect laborers and materialmen and it should be liberally construed to accomplish that purpose. We have no dispute with that principle of the law but do not consider that case controlling under the record here.

Hayward Lbr. & Investment Co. v. Ross, 32 Cal. App. (2d)

455, 90 P. (2d) 135, involved a statute different from ours and does not control the situation here.

Affirmed.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.